IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-43,109-02






EX PARTE RICHARD TERRY FRUZIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-96-0263-B IN THE 367TH JUDICIAL DISTRICT COURT

DENTON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated sexual assault, and punishment was assessed at twelve (12)
years' confinement. Applicant's conviction was affirmed on appeal. Fruzia v. State No. 02-97-004-CR (Tex. App. --Fort Worth, delivered January 8, 1998, pet. ref'd).

 Applicant contends that newly discovered evidence proves that he is actually innocent
of the offense. Specifically, he offers an affidavit from the victim stating that Applicant
never sexually assaulted him and that someone else did.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court shall resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from, or it may order a hearing. In the appropriate case the
trial court may rely on its personal recollection.

 Following receipt of additional information, the trial court shall make findings of fact, 
assessing the reliability of the new evidence and its weight against the evidence adduced at
trial. The trial court shall make findings as to whether Applicant has proven by clear and
convincing evidence that no reasonable juror would convict him in light of the newly available
evidence. Ex parte Elizondo, 947 S.W.2d 202, 206 (Tex. Crim. App. 1996). The trial court
shall also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety (90) days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred twenty (120) days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 29TH DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.